IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. 18-0204 |
| JAMES HAIR | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 60). The Government has filed their RESPONSE (ECF No. 64) and there was no reply. The Motion will be DENIED.

In sum and substance, the Defendant claims that his attorney failed to provide effective assistance. He faults his lawyer for not attacking several elements of the Sentencing Guideline Computation. He accuses his lawyer of having acquiesced in a botched computation of the criminal history.

The Court has carefully reviewed the MOTION, the RESPONSE, and the ENTIRE RECORD in this case. Defense counsel's performance was that of an entirely competent federal criminal defense attorney. His representation did not fall "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668 (1984). This is not a close call. Defense counsel advocated vigorously for his client. Certainly, he made tactical decisions as to where and how to fight the battle on Defendant's behalf. He wisely elected not to attack the Sentencing Guideline Computation because it was objectively correct. Instead, he attempted

smarter, more nuanced mitigative strategies. His decision not to challenge the computation of the criminal history makes perfect sense in light of the record.

For these reasons, and for the additional reasons set out in the Government's RESPONSE (ECF No. 64), the reasoning of which the Court now adopts as its own, the MOTION (ECF No. 60) is DENIED.

DATED this __6__ day of October, 2020.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge